UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DANIEL LUGO,

    Plaintiff,
v.

STANDALE COMPANY, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Daniel Lugo, by and through his undersigned counsel, hereby sues the Defendant, STANDALE COMPANY, INC., (hereinafter "Defendant"), for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and in support thereof states as follows:

### JURISDICTION

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. §§ 1331 and 1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendant's violations of Title III of the ADA.

### VENUE

2. Venue lies in this district pursuant to 28 U.S.C. §1391(b) because the property that is the subject of this action is situated within this district and the events giving rise to the claims asserted herein occurred in this district and Defendant is a resident of this district.

### PARTIES

3. Plaintiff, Daniel Lugo, is an individual residing in Boca Raton, Florida, in this

District, who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities, including walking, due to permanent damage to his spinal cord as a result of a broken neck caused by a motor vehicle accident. Plaintiff must use a wheelchair to ambulate. Plaintiff also has limited use of his hands and fingers. Plaintiff's access to the premises described below (hereinafter, the "Property"), and his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property were restricted and limited because of Plaintiff's disabilities and will be restricted in the future unless and until Defendant is compelled to remove the mobility-related ADA violations that exist at the Property, consisting of those set forth in this Complaint.[1] Plaintiff intends to return to the Property in the near future, and within thirty (30) days, to utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered therein and/or to test the Property for its compliance with the ADA.

4. Defendant transacts business within this judicial district within the State of Florida by, inter alia, being the owner and operator of the Property, a shopping plaza commonly known as Paseos Plaza, located at 2621 North Federal Highway in Boca Raton, Florida (including the adjoining grounds servicing the shopping plaza).

**CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA**

5. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent,

---

[1] The term "ADA violations", as used herein, means that the physical elements at issue violate the ADA's regulations and the ADA Standards for Accessible Design, originally published in 1991, as well as the 2010 Standards that became effective on March 15, 2012.

enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6. Places of public accommodation were provided with one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

7. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations were required to conform to these regulations on or before March 15, 2012. [2]

8. The Property is a place of public accommodation pursuant to the ADA.

9. Most recently, in December, 2022, Plaintiff attempted to, and to the extent possible, accessed the Property but could not fully do so because of his disabilities due to the mobility-related ADA violations as well as Defendant's mobility-related discriminatory policies toward the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, consisting of those barriers, conditions and ADA violations set forth in this Complaint.

---

[2] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

10. Plaintiff is an advocate of the rights of similarly situated disabled person and, pursuant to Houston v. Marod Supermarkets, Inc., 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the mobility-related provisions of the ADA.

11. Defendant has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA and will continue to discriminate against Plaintiff unless and until Defendant is compelled to remove the physical barriers relevant to Plaintiff's disabilities that exist at the Property as set forth in this Complaint, thus making the Property accessible to Plaintiff as required by the ADA.

12. The unlawful physical barriers, dangerous conditions and ADA violations encountered and/or known by Plaintiff which preclude or limit Plaintiff's ability (because of Plaintiff's disabilities) to access the Property and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of the Property, are as follows (the applicable STANDARDS sections are also denoted[3]):

a) Non-compliant curb ramps due to excessive slopes (in violation of STANDARD 406);

b) Non-compliant exterior and interior accessible routes including a failure to safely and property connect the shopping plaza with the public sidewalk on Federal Highway due to excessive running slope (in violation of STANDARDS 206, 402, 403 and 404);

---

[3] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these new standards. See 28 CFR §36.304(d)(2)(ii)(B): "On or after March 15, 2012, elements in existing facilities that do not comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards must be modified to the extent readily achievable to comply with the requirements set forth in the 2010 Standards. Noncomplying newly constructed and altered elements may also be subject to the requirements of § 36.406(a)(5)", i.e., without regard to whether said modifications are readily achievable.

  c)  Non-compliant disabled person parking spaces due to excessive slopes and a failure to safely connect the disabled person parking spaces with the retail promenade (in violation of STANDARDS 208 and 502);

  d)  Non-compliant accessible routes from the parking spaces, public street, sidewalk and public transportation stop to the retail promenade (in violation of STANDARD 206);

  e)  Lack of compliant signage (in violation of STANDARD 216) and

  f)  Non-compliant counters within the tenant spaces (in violation of STANDARDS 227 and 904).

13. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

14. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the enumerated physical barriers, dangerous conditions and ADA violations relevant to Plaintiff's disabilities that exist at the Property set forth herein.

15. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order to alter the property to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

  WHEREFORE, Plaintiff, Daniel Lugo, requests that the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the enumerated physical barriers to access and alter the subject Property to make it readily accessible to and usable by individuals with disabilities to the full extent required by the

ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Lee D. Sarkin
DREW M. LEVITT
Florida Bar No: 782246
drewmlevitt@gmail.com
LEE D. SARKIN
Florida Bar No. 962848
LSarkin@aol.com
4700 N.W. Boca Raton Blvd, Ste. 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Attorneys for Plaintiff
